## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMILLE R. GRIFFIN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LOWE'S HOME CENTERS, INC.,** )<br>)<br>**Defendant.** )<br>_____ ) | **CIVIL ACTION**<br>**No. 08-2543-KHV** |

## MEMORANDUM AND ORDER

Jamille R. Griffin brings suit *pro se* against Lowe's Home Centers, Inc., alleging employment discrimination and harassment on account of sex and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. This matter is before the Court on Defendant's Motion To Dismiss (Doc. #25) filed February 18, 2009, which plaintiff has not opposed. Pursuant to D. Kan. Rule 7.4, if a respondent fails to file a timely response, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." For reasons stated below, the Court sustains the motion in part.

## Legal Standards

Under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved). In other words, plaintiff must allege

sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face. Bell Atl. Corp., 127 S.Ct. at 1974.  Because plaintiff proceeds *pro se*, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d at 1110.  The Court, however, does not assume the role of advocate for a *pro se* litigant.  See id.

Generally, a court may not look beyond the four corners of the complaint when deciding a Rule 12(b)(6) motion to dismiss.  Dean Witter Reynolds, Inc. v. Howsam, 261 F.3d 956, 961 (10th Cir. 2001); Lassiter v. Topeka Unified Sch. Dist. No. 501, 347 F.Supp.2d 1033, 1040 (D. Kan. 2004). To look to matters outside the complaint, the court generally must convert the motion into a Rule 56 motion for summary judgment.  See Fed. R. Civ. P. 12(c).  The Court may, however, consider indisputably authentic copies of documents if plaintiff referred to them in the complaint and the documents are central to the claims.  See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997); Lassiter, 347 F. Supp.2d at 1040.

## **Factual Background**[1]

Plaintiff has worked for Lowe's since 2004 and currently serves as a team leader.  Beginning some time in 2006, plaintiff applied for four different positions for which Lowe's did not hire or promote him.  Specifically, he applied six times for a product service associate position, and one time each for management trainee, receiving department manager and OPE specialist.[2]  The complaint

---

[1] The Court has set forth the facts as alleged in the complaint and the administrative charges.

[2] The complaint and charges of discrimination do not explain the position of OPE Specialist.

does not indicate the dates on which Lowe's denied him the positions.[3] Lowe's has promoted women employees from team leader to product service associate but told plaintiff that if he took such a position it would cut his pay by ten per cent.

On April 18, 2007, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination based on Lowe's failure to promote him to a product service associate position on March 28, 2007. See EEOC Charge No. 563-2007-01196 attached as Ex. A to Defendant's Motion (Doc. #26). On April 29, 2007, the EEOC issued plaintiff a right to sue letter concerning that failure.

On August 3, 2007, plaintiff filed a charge with the Kansas Human Rights Commission ("KHRC") which reiterated the same complaint. See KHRC Complaint, No. 31133-08 attached as Ex. C to Defendant's Motion (Doc. #26). On August 22, 2007, the KHRC issued a determination of no probable cause, finding that the EEOC had sufficiently and completely investigated the issues. See KHRC August 22, 2007 letter attached at Ex. D to Defendant's Motion (Doc. #26).

On August 6, 2007, plaintiff filed a charge of discrimination with EEOC and the KHRC alleging that Lowe's had discriminated against him on the basis of race and sex. See EEOC Charge No. 28D-2007-00714; KHRC Complaint, No. 31132-08 attached as Ex. E to Defendant's Motion (Doc. #26). Specifically, plaintiff alleged that Lowe's discriminated against him in November of 2006 and February of 2007 when it denied him a raise and on March 31, 2007 when it gave him a written reprimand. On October 1, 2008, the EEOC adopted the KHRC finding of no probable cause and issued plaintiff a right-to-sue letter on the August 6, 2007 charge. See Dismissal and Notice of

---

[3] The Complaint states that the discrimination occurred in "2006-2008 and ongoing event." See Complaint (Doc. #1) at 2.

-3-

Rights, EEOC Charge No. 28D-2007- 00714, attached as Ex. F to Defendant's Motion (Doc. #26).

On October 10, 2008, plaintiff filled out an EEOC Intake Questionnaire which alleged that on October 6, 2008, Lowe's retaliated against him for filing charges with the KHRC and EEOC. See Intake Questionnaire, attached as Ex. G to Defendant's Motion (Doc. #26).

On October 30, 2008, plaintiff filed this lawsuit alleging that Lowe's discriminated against him on the basis of sex when it failed to hire or promote him and harassed him. Plaintiff also alleged that Lowe's retaliated against him for filing charges of discrimination with the EEOC and KHRC.

Lowe's asserts that several of plaintiff's claims should be dismissed. Specifically, Lowe's argues that plaintiff did not exhaust administrative remedies on his claims of harassment and retaliation, and that plaintiff did not timely assert his claim that Lowe's discriminated against him on the basis of sex when it failed to promote him to product service associate on March 28, 2007.

## **Analysis**

Exhaustion of administrative remedies is a prerequisite to suit under Title VII. Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999). To exhaust administrative remedies, a plaintiff generally must present his claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right-to-sue letter based on that charge. Id. at 1326. The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b). The charge tells the EEOC or KHRC what to investigate, provides the opportunity to conciliate the claim, and gives the charged party notice of the alleged violation. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). The requirement to present a charge to the EEOC or a state agency as a prerequisite to bringing suit serves the dual purposes of ensuring that the administrative agency has the opportunity

to investigate and conciliate the claims and providing notice of the claims to the charged party. See id.

Lowe's asserts that plaintiff did not exhaust his administrative remedies on his claims of retaliation and harassment. Lowe's points out that plaintiff did not mark the separate boxes for "retaliation" and "harassment" on his Administrative Charge forms in March and August of 2007. Further, neither charge refers to retaliation or harassment in any manner.

Although failure to mark the box for a particular allegation of discrimination is not dispositive, it creates a presumption that plaintiff did not assert claims represented by boxes not checked. Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1260 (10th Cir. 1998). Here, plaintiff has not responded to Lowe's motion to rebut the presumption. Further, the Administrative Charge forms of March and August of 2007 do not contain sufficient allegations to support Title VII claims of harassment or retaliation for complaints of discrimination. See Belcher v. Boeing Commercial Airplane Group, 105 Fed.Appx. 222, 227 (10th Cir. 2004) (failure to exhaust remedies for retaliation where plaintiff marked box for racial discrimination, but not boxes for retaliation and disability discrimination and narrative portion of administrative complaint contained nothing which suggested retaliation). Cf. Jones v. United Parcel Serv., 502 F.3d 1176, 1186 (10th Cir. 2007) (consideration of acts not expressly included in administrative charge appropriate where alleged conduct would fall within scope of EEOC investigation which would reasonably be expected to follow charge of discrimination actually made). Thus, the Administrative Charge forms of March and August of 2007 did not exhaust plaintiff's administrative remedies with respect to retaliation or harassment.

On October 10, 2008, however, plaintiff completed an EEOC Intake Questionnaire which alleges that on October 6, 2008, Lowe's retaliated against him for making charges of discrimination

with the EEOC and KHRC. The EEOC received the Intake Questionnaire on October 14, 2008. Lowe's states that it is unaware of any further documentation relating to the Intake Questionnaire. Plaintiff has not responded to the motion to dismiss and the record does not reflect whether the EEOC issued a right-to-sue letter based on the Intake Questionnaire.

As noted, to exhaust administrative remedies, plaintiff generally must present his claim to the EEOC or authorized state agency and receive a right-to-sue letter based on that charge. Simms, 165 F.3d at 1326. Failure to obtain a right-to-sue letter prior to commencement of a suit, however, is a curable defect. Jones v. Am. State Bank, 857 F.2d 494, 499 (8th Cir. 1988). A Title VII complainant may file an action before receiving a right-to-sue letter, provided the record contains no evidence that the premature filing precluded the EEOC from performing its administrative duties or that the premature filing caused prejudice to defendant. Martin v. Cent. States Emblems, Inc., No. 04-3417, 150 Fed. Appx. 852, 855, 2005 WL 2503838, *2 (10th Cir. Oct. 11, 2005) (citing Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 n. 1 (9th Cir. 1990)). Here, the issue is before the Court on a motion to dismiss, and Lowe's cites no evidence that plaintiff's premature filing of suit hampered the EEOC or caused prejudice to defendant. Thus, a right-to-sue letter could cure the premature filing. See Martin, 150 Fed.Appx. at 855, 2005 WL 2503838, at *2 (citing Kane v. State of Iowa Dep't of Human Servs., 955 F.Supp. 1117, 1137 (N.D. Iowa 1997) (no refiling or amendment of complaint to state that right-to-sue letter had been received was required; receipt of right-to-sue letter sufficient to cure defect). The Court therefore declines to dismiss plaintiff's claims that on October 6, 2008, Lowe's retaliated against him for making charges of discrimination with the EEOC and KHRC.

Lowe's also seeks dismissal because plaintiff did not timely bring suit on his claim that on

March 28, 2007, Lowe's failed to hire or promote him.  Under 42 U.S.C. § 2000e-5(f)(1), a complainant must file suit within 90 days of receipt of an EEOC right-to-sue letter.  See Witt v. Roadway Express, 136 F.3d 1424, 1429 (10th Cir. 1998).  On April 29, 2007, the EEOC issued a plaintiff a right to sue letter on his charge that on March 28, 2007, Lowe's discriminated against him when it did not hire or promote him.  Plaintiff had 90 days from the date he received that letter to file suit on his claim that Lowe's failed to promote him on March 28, 2007.  A rebuttable presumption of receipt arises once a properly addressed piece of mail is placed in the care of the postal service.  See Witt, 136 F.3d at 1430.  Plaintiff has not responded to the motion to dismiss and thus has not rebutted the presumption that within a reasonable time after April 29, 2007, he received the right-to-sue letter regarding the discrimination on March 28, 2007.  Plaintiff filed this suit on October 20, 2008, well over a year after the 90 day period ran.  Further, plaintiff's Administrative Charge of August, 2007 did not toll the time to sue on the allegations first raised in the administrative charge of April, 2007.  See, e.g., Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch., 465 F.3d 1184, 1186 (10th Cir. 2006) (if claimant fails to sue within 90-day window, lapsed claims not revived by including them in second EEOC charge and restarting process).

**IT IS THEREFORE ORDERED** that Lowe's Home Centers, Inc.'s Motion To Dismiss (Doc. #25) filed February 18, 2009 be and hereby is **SUSTAINED in part.**

**IT IS ORDERED** that plaintiff's claim that Lowe's subjected him to harassment based on sex be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's claim that Lowe's discriminated against him based on sex when it failed to hire or promote him to a product service associate position on March 28, 2007, be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's remaining claims of failure to hire or promote and his claim of retaliation remain in the case, i.e. his claim that Lowe's discriminated against him in November of 2006 and February of 2007 when it denied him a raise and on March 31, 2007 when it gave him a written reprimand and that Lowe's retaliated against him on October 6, 2008 for asserting charges of discrimination with the EEOC and KHRC.

Dated this 9th day of April, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge