**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAMILLE R. GRIFFIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOWE'S HOME CENTERS, INC., )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION<br>No. 08-2543-KHV |

**MEMORANDUM AND ORDER**

Jamille R. Griffin brings suit pro se against Lowe's Home Centers, Inc., alleging employment discrimination and harassment on account of sex and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. On April 9, 2009, the Court dismissed plaintiff's claims that Lowe's subjected him to sexual harassment and that Lowe's discriminated against him based on sex when it failed to hire or promote him to a product service associate position on March 28, 2007. See Memorandum And Order (Doc. #38). This matter comes before the Court on plaintiff's Motion To Oppose Dismissal (Doc. #39) filed April 15, 2009 which the Court construes as a motion for reconsideration. For reasons set forth below, the Court finds that the motion should be overruled.

**Legal Standards**

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b).

A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.  See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).  Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

## **Analysis**

The Court's order of April 9, 2009, sets forth a detailed summary of the factual background, and the Court incorporates it here.  See Doc. # 38.  In that order, the Court found that plaintiff did not exhaust administrative remedies on his claims of harassment and that plaintiff did not timely assert his claim that Lowe's discriminated against him on the basis of sex when it failed to promote him to product service associate on March 28, 2007.  In his motion to reconsider, plaintiff asserts that he exhausted administrative remedies.  Plaintiff states that he complained to Lowe's managers about discrimination but they gave him excuses so he contacted the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC").  He asserts that his complaint of retaliation is pending with the KHRC and EEOC as of March 17, 2009.  See Doc. #39, citing EEOC charge #280-2009-00531.  The Court notes, however, that it has not dismissed plaintiff's retaliation claims.

Plaintiff has not offered any basis for the Court to reconsider dismissal of his claims that Lowe's subjected him to sexual harassment and discriminated against him based on sex when it failed to hire or promote him to a product service associate position on March 28, 2007. Plaintiff has not shown an intervening change in controlling law, availability of new evidence or the need to

correct clear error or prevent manifest injustice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Oppose Dismissal (Doc. #39) filed April 15, 2009 which the Court construes as a motion for reconsideration be and hereby is **OVERRULED**.

Plaintiff's claims that Lowe's discriminated against him in November of 2006 and February of 2007 when it denied him a raise and on March 31, 2007 when it gave him a written reprimand, and that Lowe's retaliated against him on October 6, 2008 for asserting charges of discrimination with the EEOC and KHRC, remain in the case.

Dated this 14th day of May, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge