## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMILLE R. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No. 08-2543-KHV |
| LOWE'S HOME CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

On October 30, 2008, Jamille R. Griffin filed suit pro se against Lowe's Home Centers, Inc., alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. On September 29, 2009, the parties filed a Joint Stipulation of Dismissal [With Prejudice] pursuant to Fed. R. Civ. P. 41(a)(1). Accordingly, the Court dismissed this action on September 30, 2009.

This matter comes before the Court on plaintiff's Motion To Write A Book (Doc. #63) filed March 29, 2010. Plaintiff asks the Court for permission to write a book about his experiences as an employee at Lowe's. On April 5, 2010, defendant filed a response asserting that the Court lacks jurisdiction because the stipulation of dismissal terminated the case.[1] Doc. #64. Lowe's correctly asserts that the stipulated dismissal ended the case. See Smith v. Phillips, 881 F.2d 902, 906 (10th Cir. 1989) (unconditional stipulated dismissal terminates federal jurisdiction except for limited

---

[1] Lowe's asserts that on September 25, 2009, the parties entered a settlement in which plaintiff agreed to (1) release his claims against Lowe's, (2) not disclose terms of the settlement and (3) limitations on his ability to discuss his claims against Lowe's. Further, on February 24, 2009, the Court entered a Protective Order (Doc. #32) which prohibits plaintiff from using any discovery materials designated by Lowe's as "Confidential" for any purpose outside of this litigation. The protective order provides that its terms remain in effect after the litigation is terminated. Lowe's states that if plaintiff's proposed book involves any confidential discovery materials, it will seek permission to reopen the case and enforce the terms of the protective order.

purpose of reopening and setting aside judgment of dismissal under Fed. R. Civ. P. 60(b)). Although the Court retains jurisdiction to consider a motion to set aside the judgment under Rule 60(b), Fed. R. Civ. P., plaintiff does not ask the Court to set aside the dismissal.[2] Further, plaintiff has not cited any basis for relief and neither party has asked the Court to reopen the case. The Court therefore lacks jurisdiction to entertain plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Write A Book (Doc. # 63) filed March 29, 2010 be and hereby is **OVERRULED** for lack of jurisdiction.

Dated this 8th day of April, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2] The Court may grant relief under Rule 60(b) only in exceptional circumstances. See Schmier v. McDonald's LLC, 569 F.3d 1240, 1243 (10th Cir. 2009).